Richard Morin (SBN 285275)
Law Office of Rick Morin, PC
500 Newport Center Drive Suite 610
Newport Beach, CA 92660
Phone: (949) 996-3094
Email: legal@rickmorin.net

Attorney for Plaintiff David Robinson

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| David Robinson,<br><br>            Plaintiff,<br>     v.<br><br>Collegeville Market & Cafe, a California General Partnership and P M & J Group, Inc.,<br><br>            Defendants. | Case No.<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF** |

Plaintiff David Robinson ("Plaintiff") alleges the following:

**INTRODUCTION**

1. Plaintiff brings this action against Defendants Collegeville Market & Cafe, a California General Partnership and P M & J Group, Inc. (collectively "Defendants"), for unlawfully discriminating against Plaintiff because of Plaintiff's disability at the Collegeville Market ("Collegeville Market") located at 13521 E Mariposa Road in Stockton, California ("Property").

2. Plaintiff seeks damages, injunctive, and declaratory relief, attorney's fees and costs pursuant to the Americans with Disabilities Act of 1990 ("ADA") and related California law.

**PARTIES**

3. Plaintiff is a natural person and an adult resident of the San Francisco Bay Area. At all times relevant to this Complaint, Plaintiff is and has been considered disabled.

4. Defendant Collegeville Market & Cafe is California general partnership that is believed

to do business and have a primary mailing address in Stockton, California and that owned, managed, operated, and/or was otherwise responsible for the Property where the Collegeville Market is located.

5. P M & J Group, Inc. is a California corporation with its principal office in Stockton, California that is believed to have owned, managed, operated, or was otherwise responsible for the Collegeville Market.

## JURISDICTION

6. The Court has subject matter jurisdiction over the action pursuant to 28 U.S.C. 1331 and 1343 for violations of the Americans with Disabilities Act of 1990.

7. Pursuant to supplemental jurisdiction, an attendant and related cause of action, arising from the same nucleus of operative facts and arising out of the same transactions, is also brought under California law.

## VENUE

8. Venue is proper in this court pursuant to 28 U.S.C. 1391 and is founded on the fact that the Property and the Collegeville Market are located inside this district and Plaintiff's claims arose in this district.

## FACTUAL ALLEGATIONS

9. Plaintiff suffers from disabilities, and/or medical conditions that are disabilities.

10. Plaintiff is a paraplegic due to a tragic motorcycle accident.

11. Plaintiff requires a wheelchair to facilitate his mobility because of a spinal cord injury.

12. Plaintiff's symptoms substantially limit his major life activities.

13. Plaintiff has at all relevant times, displayed a valid disabled person parking placard issued by the California Department of Motor Vehicles.

14. Plaintiff's lives in the San Francisco Bay Area.

15. On May 27, 2024, Plaintiff was in the Stockton area, driving returning to Vallejo from Oakdale, California where he was on a camping trip; specifically, Plaintiff went on a trip to Woodward Reservoir.

16. Plaintiff went to the Collegeville Market for some drinks and snacks.

17. Unfortunately, when Plaintiff arrived, he saw that there was no handicap/disabled-

access parking, even though there was off-street parking on the Property available for customers.

18. Oddly, there were signs posted for handicap parking but no striping or markings indicating where the handicap parking and access aisle were supposedly located. Indeed, it did not appear there were any parking spots in the area in front of the signs.

19. Moreover, the area around the signs looked uneven and potentially problematic for Plaintiff to safely exit a vehicle, access the store, and enter a vehicle in his wheelchair.

20. Plaintiff would like to return to the Property and the Collegeville Market in the future as it is a convenient location for Plaintiff to grab snacks and a drink when he is in the area.

21. Plaintiff regularly camps at various locations in Northern California, weather permitting, and he expects to visit the Woodward Reservoir again; if not this year, then next year. He expects he will be traveling through the area where Collegeville Market and Property are located when he goes to Woodward Reservoir in the future. He will likely drive down Mariposa Rd. to get to the reservoir in the future.

22. The Collegeville Market and Property are public accommodations and business establishments.

23. The Collegeville Market and Property are open to the public and their operation affects commerce.

24. Collegeville Market and the Property are alleged to have undergone construction and/or alterations, structural repairs, or additions since July 1, 1970 and/or July 1, 1982.

25. Collegeville Market and the Property are alleged to have applied for a permit or have started physical new construction and/or alterations, structural repairs, and/or additions after March 15, 2012.

26. Plaintiff has suffered and continues to suffer violations of his civil rights to full and equal enjoyment of goods, services, facilities, and privileges, and has suffered and will suffer negative feelings.

27. Providing designated disabled parking spaces in customer parking areas is crucial for ensuring equitable access to business services for individuals with disabilities. The absence of such accommodations can create significant barriers, effectively excluding those who rely on accessible

parking to access businesses. Without designated disabled parking spaces, individuals with mobility impairments may struggle to find suitable parking, compromising their independence and ability to participate in public and commercial activities. This oversight not only inconveniences disabled individuals but also signifies a lack of commitment to inclusivity and equal access, potentially deterring them from patronizing the business altogether.

## FIRST CAUSE OF ACTION

Violations of the Americans with Disabilities Act

42 U.S.C. § 12101, et seq.

28. Plaintiff hereby incorporates the previous paragraphs as if they had been fully stated herein.

29. Defendants have denied Plaintiff full and equal enjoyment and use of the goods, services, facilities, privileges, and accommodations of the Collegeville Market and the Property.

30. The Collegeville Market is a public accommodation.

31. The Property is a public accommodation.

### Failure to Remove Architectural Barriers at an Existing Property

32. Defendants failed to remove architectural barriers, which are structural in nature, where it is reasonably achievable, without much difficulty or expense, and the cost of removing the architectural barriers does not exceed the benefits under these particular circumstances.

33. For those barriers where it is not reasonably achievable to remove them, if any, Defendants failed to make the goods, services, facilities, or accommodations available through alternative methods that are readily achievable.

### Failure to Design and Construct an Accessible Property

34. In addition or alternatively, The improvements at the Property are believed to have been designed and constructed, or both, after January 26, 1993, independently triggering access requirements under Title III of the ADA.

35. Defendants violated the ADA by failing to design and construct the facilities at the Property in a manner that was readily accessible to the physically disabled public, including Plaintiff, when it was structurally practical to do so.

<u>Failure to Make an Altered Facility Accessible</u>

36. In addition or alternatively, Plaintiff alleges that the Property was modified after January 26, 1993, independently triggering access requirements under the ADA.

37. The ADA requires properties altered in a manner that affects or could affect its usability be made easily accessible to individuals with disabilities to the maximum extent feasible. 42 U.S.C. § 12183(a)(2).

38. Defendants altered the Property in a manner that violated the ADA and was not readily accessible to the physically disabled public – including Plaintiff – the maximum extent possible.

39. The configuration and condition of the Property denied Plaintiff a public accommodation due to Plaintiff's disability.

40. It is readily achievable for Defendants to remove the architectural barriers.

<u>Failure to Maintain Accessible Features</u>

41. In addition or alternatively, Defendants violated the ADA by failing to maintain in operable and working condition those features of the Collegeville Market and Property that are required to be readily accessible to and be usable by persons with disabilities.

42. Defendants' failure in maintaining the Collegeville Market and Property in an accessible condition was not an isolated or temporary interruption in service or access due to maintenance or repairs.

43. The configuration and condition of the Collegeville Market and Property denied Plaintiff a public accommodation due to Plaintiff's disability.

44. It is readily achievable for Defendants to remove the barriers.

45. Defendants do not have any legitimate business justification to excuse the condition and configuration of the Collegeville Market and Property.

46. Defendants' violations are the cause of suffering for Plaintiff.

47. Plaintiff prays for all relief available under the ADA, including injunctive relief that prohibits violations complained of herein, which have the effect of wrongfully excluding Plaintiff and other members of the public who are physically disabled from full and equal access to these public facilities, as well as attorney's fees, costs, and other expenses for these violations.

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

## SECOND CAUSE OF ACTION

Violations of the Unruh Civil Rights Act

California Civil Code §§ 51-53

48. Plaintiff hereby incorporates the previous paragraphs as if they had been fully stated herein.

49. The Collegeville Market and the Property are business establishments.

50. Defendants intentionally discriminated against Plaintiff during Plaintiff's visit to the Collegeville Market at the Property.

51. The Unruh Act provides that a violation of the ADA is a violation of the Unruh Act. Cal. Civ. Code 51(f).

52. Defendants violated the ADA during Plaintiff's visit to the Collegeville Market at the Property.

53. Defendant's acts and omissions as specified are in violation of California Civil Code §§ 51 and 51.5, the Unruh Civil Rights Act, and have denied Plaintiff's right to "full and equal accommodations, advantages, facilities, privileges or services in all business establishments of every kind whatsoever."

54. Plaintiff was harmed.

55. Defendant's conduct was a substantial factor in causing Plaintiff's harm.

56. As a result of the violation of Plaintiffs civil rights protected by California Civil Code §§ 51 and 51.5, Plaintiff is entitled to the rights and remedies of California Civil Code § 52, including a trebling of actual damages, minimum statutory damages, as well as reasonable attorneys' fees and costs, as allowed by statute, according to proof.

57. Plaintiff also seeks to enjoin Defendants from violating disabled persons' rights.

## PRAYER

Plaintiff hereby prays for the following:

1. Injunctive relief compelling Defendants to cease its discrimination of disabled persons and remove all accessibility barriers that relate to Plaintiff's disability;

2. Damages under the Unruh Civil Rights Act of no less than $25,000;

3. Attorney's fees pursuant to 42 U.S.C. 12205, Civil Code sections 52, and/or Code of Civil Procedure section 1021.5, expenses, and costs of suit;

4. Other relief that the court deems appropriate.

Dated: June 21, 2024

Law Office of Rick Morin, PC

_____
Richard Morin
Attorney for Plaintiff