UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID ROBINSON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>COLLEGEVILLE MARKET & CAFE, *et al.*,<br><br>　　　　Defendants. | Case No.  2:24-cv-1752-DJC-JDP<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff brings this action against defendants Collegeville Market & Café and PM & J Group, Inc., alleging that defendants violated the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12181-12189, and the California Unruh Civil Rights Act ("Unruh Act"). Defendants have not answered the complaint or otherwise appeared. I recommend that plaintiff's motion be granted.

**Background**

The complaint alleges that plaintiff is physically disabled and must use a wheelchair for mobility. ECF No. 1 ¶¶ 9-11. Defendants Collegeville Market & Café and P M & J Group, Inc. are the owners, managers, and operators of a business known as Collegeville Market (the "market"), located at 13521 E Mariposa Road in Stockton, California. *Id.* ¶¶ 1, 4-5. The business is open to the public and is therefore a place of public accommodation. *Id.* ¶¶ 22-23.

1

1    On May 27, 2024, plaintiff visited the market and encountered multiple architectural barriers. *Id*. ¶¶ 15-19. Specifically, the business did not have an accessible parking space and, though the parking lot had proper signage for an accessible parking space, there was no striping nor any markings indicating where the handicap parking and access aisle were located. *Id*. ¶¶ 17-19.

On June 27, 2024, defendants' registered agent was personally served with a copy of the summons and complaint. ECF No. 5, 6. After defendants failed to timely respond, plaintiff requested entry of default, ECF No. 7, which the Clerk of Court entered on August 22, 2024. ECF No. 8. Plaintiff now moves for default judgment on his ADA and Unruh Act claims. He seeks $8,000 in statutory damages under the Unruh Act, as well as injunctive relief and attorney's fees and costs.

**Legal Standard**

Under Federal Rule of Civil Procedure 55, default may be entered against a party who fails to plead or otherwise defend against an action. *See* Fed. R. Civ. P. 55(a). However, "[a] defendant's default does not automatically entitle the plaintiff to a court-ordered judgment." *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1174 (C.D. Cal. 2002) (citing *Draper v. Coombs*, 792 F.2d 915, 924-25 (9th Cir. 1986)). Rather, the decision to grant or deny a motion for default judgment is discretionary. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). In exercising that discretion, the court considers the following factors:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning the material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). "In applying this discretionary standard, default judgments are more often granted than denied." *Philip Morris USA, Inc. v. Castworld Prods., Inc.*, 219 F.R.D. 494, 498 (C.D. Cal. 2003) (quoting *PepsiCo, Inc. v. Triunfo-Mex, Inc.*, 189 F.R.D. 431, 432 (C.D. Cal. 1999)).

Generally, once default is entered "the factual allegations of the complaint, except those

2

relating to the amount of damages, will be taken as true." *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987) (quoting *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977)).  However, "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992).

**Discussion**

### A.    Americans with Disabilities Act

Title III of the ADA provides that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation."  42 U.S.C. § 12182(a). Discrimination includes "a failure to remove architectural barriers . . . in existing facilities . . . where such removal is readily achievable."  *Id.* § 12182(b)(2)(A)(iv).  Under the ADA, the term readily achievable means "easily accomplishable and able to be carried out without much difficulty or expense."  *Id.* § 12181(9).

To succeed on an ADA disability discrimination claim, a plaintiff "must show that (1) she is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was denied public accommodations by the defendant because of her disability."  *Doe v. CVS Pharmacy, Inc.*, 982 F.3d 1204, 1212 (9th Cir. 2020) (quoting *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 730 (9th Cir. 2007)).  To succeed on such a claim, a plaintiff must also prove that: (1) the existing facility at the defendant's place of business presents an architectural barrier prohibited under the ADA, and (2) the removal of the barrier is readily achievable."  *Gilbert v. Shahi Assocs., Inc.*, No. 1:21-cv-01375-DAD-SAB, 2022 WL 1557162, at *8 (E.D. Cal. May 17, 2022) (quoting *Parr v. L & L Drive-Inn Rest.*, 96 F. Supp. 2d 1065, 1085 (D. Haw. 2000)); *see also Wyatt v. Ralphs Grocery Co.*, 65 F. App'x 589, 590 (9th Cir. 2003).

The complaint alleges that plaintiff is disabled, and that defendants are the owners and operators of a place of public accommodation.  ECF No. 1 ¶¶ 9-11, 17-19.  Plaintiff alleges that

3

defendants denied him public accommodation because the market did not have an accessible parking lot. *Id.* He further alleges that these architectural barriers could be removed without significant difficulty or expense. *Id.* ¶ 32. These allegations are sufficient to state an ADA claim. *See Molski*, 481 F.3d at 730. Accordingly, the second and third Eitel factors—the merits of the substantive claim and sufficiency of the complaint—weigh in favor of default judgment.

Furthermore, many of the remaining Eitel factors weigh in favor of granting plaintiff's motion. Defendants were properly served, *see* ECF No. 5, 6, but have not responded to the complaint. Thus, their default was not entered due to excusable neglect. Moreover, the relief sought is authorized by statute and, accepting plaintiff's allegations as true, there is little possibility of a dispute concerning material facts. *See Elektra Entm't Grp. Inc. v. Crawford*, 226 F.R.D. 388, 393 (C.D. Cal. 2005) ("Because all allegations in a well-pleaded complaint are taken as true after the court clerk enters default judgment, there is no likelihood that any genuine issue of material fact exists."). Additionally, because defendants have failed to respond to the complaint, plaintiff has no recourse for obtaining relief absent default judgment. *See Acosta v. Martinez*, No. 1:19-cv-0307-AWI-EPG, 2020 WL 1026890, at *5 (E.D. Cal. Mar. 3, 2020) (finding that, despite one defendant's appearance at the hearing on the motion for default judgment, his subsequent failure to file any responsive pleadings made it "apparent that [both] [d]efendants [would] not appear to defend [the] action"). And, although decisions on the merits are favored, such a decision is impossible where the defendants decline to take part in the action. *See Penpower Tech. Ltd. v. S.P.C. Tech.*, 627 F. Supp. 2d 1083, 1093 (N.D. Cal. 2008). Accordingly, plaintiff is entitled to default judgment on his ADA claim.

### B. Unruh Civil Rights Act

The Unruh Civil Rights Act provides: "All persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, disability, medical condition, marital status, or sexual orientation are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever." Cal. Civ. Code § 51(b). The Unruh Act provides that a violation of the ADA constitutes a violation of the Unruh Act. *See Pickern v. Best W. Timber Cove Lodge*

4

*Marina Resort*, 194 F. Supp. 2d 1128, 1131 (E.D. Cal. 2002); Cal. Civ. Code § 54.1(d). Violations of the Unruh Act permits statutory damages in the amount of $4,000 for each occasion that a plaintiff is denied equal access. *Id.* § 52(a). Since plaintiff's Unruh Act claim is predicated on defendants' alleged violation of the ADA, he is entitled to $8,000 in statutory damages; $4,000 for one visit and $4,000 for one deterrence. *See Johnson v. Cala Stevens Creek/Monroe, LLC*, 401 F. Supp. 3d 904, 913 (N.D. Cal. 2019) (finding that a plaintiff is entitled to statutory damages of $4,000 for each occasion on which he is denied equal access or deterred from attempting to enter a place of public accommodation under the Unruh Act).

### C. Attorneys' Fees and Costs

Plaintiff seeks $605.76 in costs, which consists of the $405 filling fee and $200.76 to serve both defendants. ECF No. 13-1 at 2. These costs are reasonable and should be awarded.

Plaintiff also seeks $4,350 in attorney's fees. To determine the reasonableness of attorney's fees, the court utilizes the lodestar method. *Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008); *Fischer v. SJB-P.D. Inc.*, 2124 F.3d 1115, 1119 (9th Cir. 2000). Under that method, "a district court must start by determining how many hours were reasonably expended on the litigation, and then multiply those hours by the prevailing local rate for an attorney of the skill required to perform the litigation." *Id*.

Plaintiff request is based on 8.7 hours at a rate of $500 per hour for work performed by attorney Richard Morin. ECF No. 13-1 at 2. While the time spent litigating this case is reasonable, the hourly rate is higher than what is typically awarded for an attorney with less than fifteen years of experience in this district. *See Dozier v. Singh*, No. 1:23-cv-00736-DAD-AC, 2024 WL 2848452 at *5 (E.D. Cal. 2024) (finding that $300 per hour for Richard Morin's work on an ADA case was reasonable); *see also Whitaker v. Sheikh*, No. 2:21-cv-0493-KJM-KJN, 2022 WL 1262023, at *10 (E.D. Cal. 2022) (awarding an hourly rate of $300 is appropriate for founding partner, an hourly rate of $250 for an attorney who has practiced law for more than 10 years, and $150 for an attorney who has practiced law for "more than five years"); *Johnson v. Sweet Spark, Inc.*, No. 2:17-cv-02474-WBS-DB, 2020 WL 1324507, at *5 (E.D. Cal. 2020) (finding reasonable hourly rates of $300 for partners, $250 for senior attorneys, and $150 for

5

junior attorneys). I find that for a founding partner with less than fifteen years of experience a rate of $350 per hour is reasonable. Accordingly, I recommend plaintiff be awarded $3,045 in attorney's fees.

Accordingly, it is hereby RECOMMENDED that:

1. Plaintiff's motion for default judgment, ECF No. 13, be granted.

2. Default judgment be entered against defendants Collegeville Market & Café and P M & J Group, Inc on plaintiff's ADA and Unruh Act claims.

3. Plaintiff be awarded statutory damages under the Unruh Act in the amount of $8,000.

4. Plaintiff be granted an injunction requiring defendant to provide an accessible parking space with proper signage.

5. Plaintiff be awarded attorneys' fees and costs in the amount of $3,650.76.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   December 4, 2025

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE